No. 20,146.

W. D WILSON, *Appellant*, v. J. T. JOHNSON, *Appellee.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Name Indorsed on Back Without Authority.* The evidence examined and held to sustain findings that the defendant's name was written on the back of the notes sued on without his authority and without consideration.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed May 6, 1916. Affirmed.

*J. Harvey Frith,* and *Gilbert H. Frith,* both of Emporia, for the appellant.

*W. S. Kretsinger,* of Emporia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on two promissory notes, the defendant's name having been written on the back of the notes by his son, F. L. Johnson. The defenses were that the defendant's name was written on the back of the notes without authority and without consideration. The cause was tried before the court without a jury. The court made findings sustaining both defenses and rendered judgment accordingly. The plaintiff appeals and assigns as error that the findings were not sustained by sufficient evidence.

The notes belong to Lee Histed, the plaintiff being a holder for collection only. The notes were signed by David Hively and were payable to W. S. James. James was a member of a partnership known as the Coöperative Realty Company, doing business at Del Norte, Colo., and the notes were in fact property of the partnership. The partnership was composed of W. S. James, W. E. Chenoweth, M. I. Chenoweth, F. L. Johnson, and J. T. Johnson. The notes were turned over to Histed in part payment for water rights connected with the Russell Springs lakes. Histed claimed he had an understanding that the notes should be indorsed by all the members of the realty company. M. I. Chenoweth's name was signed by W. E. Chenoweth and J. T. Johnson's name was signed by F. L. Johnson.

The defendant resides in Kansas, and was not in Colorado at the time the notes were turned over to Histed. He had no knowledge of the fact that his name appeared on the notes and had no knowledge that they had been turned over to Histed until long afterward. The proof was clear that F. L. Johnson had no express authority to indorse his father's name on the notes.

F. L. Johnson resides in Colorado. Years ago he resided in Kansas. For a time he operated his father's farm, and while doing so drew checks on his father's account to pay bills. For five years before going to Colorado he had not transacted his father's business. When F. L. Johnson went to Colorado he was crippled, and his father, in order to help him, authorized him to check on his father's account if he needed money. After the formation of the realty company the defendant gave F. L. Johnson permission to sign his name in making contracts with men to whom lands were sold and in transferring stock to individuals, but that was the extent of F. L. Johnson's authority. Authority of an agent to bind his principal by indorsing negotiable paper is strictly limited, will not be lightly inferred, and must ordinarily be indispensable to the conduct of the business intrusted to the agent. (2 C. J. 636.) The district court was correct in refusing to find an implied agency.

Histed knew of the permission to sign the contracts and transfers of stock referred to. This knowledge was of a special and limited agency and gave Histed no right to assume that F. L. Johnson had authority to bind his father by indorsing negotiable paper. Consequently agency by estoppel was not established.

The note was shown to the defendant by an attorney who held it for collection. There is some dispute about what was said at the time, but it may be assumed the defendant was asked if he was claiming F. L. Johnson had no authority to sign his name, and replied, "No, that is not my defense." Estoppel to set up the defense of want of authority based on this conversation was not pleaded, and the defendant's statement can be considered only as bearing on the existence of authority, express or implied, and as bearing on ratification.

The defendant did not answer a letter from an attorney for the plaintiff demanding payment of the notes, because he did

not believe he owed anything. This fact and the statement referred to in the preceding paragraph did not establish ratification as a matter of law.

It is said that the plaintiff received and retained the benefit of the transaction giving rise to the delivery of the notes bearing his indorsement, and so ratified the conduct of his son. The argument is this: The liability of the realty company to Histed for the purchase of the water rights was reduced by the amount of the notes. If the defendant does not pay the notes he shares nevertheless in the reduced liability of the realty company. The notes, considered merely as Hively's notes, were not accepted in part payment for the water rights. All the members of the partnership were to indorse them, and, *prima facie*, partnership liability will still exist if Histed has not received what he bargained for. Besides this, the proof was that the consideration which Histed gave the partnership for the notes failed, so that it can not be said the plaintiff has received any benefit which repudiation of liability on the notes requires him to restore.

Failure of consideration was pleaded and was proved by the following testimony:

Testimony of J. T. Johnson:

"Q. That is what I want to find out, Mr. Johnson, why did n't you at that time notify Mr. Moses or Mr. Wilson that your son had no authority to sign your name on these notes? A. I did not answer that at all. I did n't think I owed him anything. I got no value received.

"Q. When the company was formed these notes belonged to the company, did n't they? A. Well, I don't know, they were made out to Mr. James. I never received any value for the notes."

Testimony of F. L. Johnson:

"Q. These notes were originally given by the company in payment of certain water rights, were they not? A. Yes, sir.

"Q. Which included the transfer of certain water rights by Mr. Histed to the company? A. Yes, sir.

"Q. Did the company ever get these water rights? A. No; his title proved to be valueless.

"Q. Did the company ever get the water rights that these notes represent? A. They never did."

The plaintiff says he was an innocent holder against whom failure of consideration can not be urged. The proof was clear that, as has been stated, he was holder for collection. The plaintiff makes certain explanations and criticisms of the testi-

mony quoted, but offers nothing which disqualified the district court from considering and relying upon it. The issue of want of consideration was clearly made and no evidence contradicting that quoted is abstracted.

Only the most material portions of the evidence have been referred to. The court can not spend much time discussing questions of fact. The findings are abundantly sustained, and the judgment of the district court is affirmed.